UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FS SOUTHBROOKE LP                                                                                          PLAINTIFF

v.                                              No. 2:21-CV-02120

NATIONWIDE GENERAL
INSURANCE COMPANY                                                                                        DEFENDANT

**OPINION AND ORDER**

Plaintiff FS Southbrooke, LP ("Southbrooke") filed a response (Doc. 41) and brief (Doc. 42) in opposition to Defendant Nationwide General Insurance Company's ("Nationwide") pending motion (Doc. 31) for summary judgment.[1] Embedded within Southbrooke's response was a motion for leave to file an amended complaint. Nationwide filed a response (Doc. 47) to Southbrooke's motion for leave and Southbrooke filed a reply (Doc. 51) with leave of Court. For the reasons set forth below, the motion will be denied.

On April 24, 2021, Southbrooke filed the complaint (Doc. 1) in the United States District Court for the Northern District of Texas and alleged a breach of contract claim and violations of the Texas Insurance Code against Nationwide. Nationwide filed an unopposed motion to transfer the case to this Court and the motion was granted on June 28, 2021. On August 9, 2021, the Court entered a final scheduling order and the deadline for a party to amend pleadings was set for January 14, 2022. Nationwide filed its pending motion for summary judgment on March 1, 2022, arguing in part that Southbrooke's Texas Insurance Code claims should be dismissed because a choice of law analysis requires this Court to apply Arkansas law and Arkansas law does not provide a private right of action under the Arkansas Trade Practices Act, *see* Ark. Code Ann. § 23-66-206(13)(A)-

---

[1] This opinion and order provides no ruling on the pending motion for summary judgment.

1

(O).  Southbrooke's motion for leave to file an amended complaint was filed on March 25, 2022, after the scheduling order deadline, and Southbrooke's proposed amended complaint (Doc. 42-1) replaces the Texas Insurance Code violation claims with an Arkansas common law bad faith claim.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (internal quotations and citations omitted).  Prejudice to the nonmovant is generally not considered if the movant has not been diligent.  *Id.*  The focus is on the "diligence of the party who sought modification of the order" and "[w]here there has been no change in the law, no newly discovered facts, or any changed circumstance . . . after the scheduling deadline for amending pleadings, then we may conclude that the moving party has failed to show good cause."  *Id.*  (internal quotations and citation omitted).

Southbrooke argues Nationwide has known Southbrooke intended to assert an Arkansas bad faith claim since the outset of discovery and Nationwide would not be prejudiced by an amendment.  However, Southbrooke has offered no argument or facts to demonstrate its diligence in attempting to meet the Court's scheduling order.  If Southbrooke has intended to assert an Arkansas bad faith claim since the outset of discovery, a claim that is not in its complaint, there is no persuasive argument Southbrooke can make that would support a Court finding that it has been diligent in complying with the scheduling order.  Instead, Southbrooke's motion for leave to amend was filed over two months *after* the Court's scheduling order deadline had passed and only after

2

Nationwide filed a motion to dismiss. Southbrooke's arguments that Nationwide's pending motion for summary judgment was only filed after the amended pleadings deadline as a litigation tactic is not relevant to Rule 16(b)'s good cause standard, especially when Southbrooke has been inattentive to the scheduling order deadlines. Because Southbrooke has failed to demonstrate good cause, its motion for leave to amend will be denied.

    IT IS THEREFORE ORDERED that Southbrooke's motion to amend is DENIED.

    IT IS SO ORDERED this 12th day of April, 2022.

                                                   /s/ P. K. Holmes, III
                                                   P.K. HOLMES, III
                                                   U.S. DISTRICT JUDGE