UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FS SOUTHBROOKE LP                                                                                            PLAINTIFF

v.                                                       No. 2:21-CV-02120

NATIONWIDE GENERAL
INSURANCE COMPANY                                                                                         DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Nationwide General Insurance Company's ("Nationwide") motion (Doc. 59) in limine. Plaintiff FS Southbrooke LP ("FS Southbrooke") filed a response (Doc. 62). FS Southbrooke also filed a motion (Doc. 60) in limine, to which Nationwide filed a response (Doc. 63). FS Southbrooke also filed a motion (Doc. 61) to strike Nationwide's deposition designations of Allen Powers. Nationwide filed a response in opposition (Doc. 65) and objections (Doc. 64) to FS Southbrooke's deposition designations. FS Southbrooke filed a response (Doc. 67) to Nationwide's objections. For the reasons set forth below, the motions in limine will be GRANTED IN PART and DENIED IN PART, FS Southbrooke's motion to strike will be DENIED, and Nationwide's objections to FS Southbrooke's deposition designations will be sustained as stated herein.

**I.     Undisputed Issues**

On many of the issues raised in the motions in limine there is no apparent dispute, and so no ruling is necessary.

**II.    Nationwide's Motion in Limine**

    **a.     Evidence Relevant Only to Bad-Faith Claims**

Nationwide argues FS Southbrooke should be prohibited from discussing "Nationwide's claim-handling practices, its treatment of [FS] Southbrooke, the 'reasonableness' of its

1

investigation, and even the phrase 'bad faith'" because FS Southbrooke cannot assert an Arkansas bad faith claim and, therefore, this evidence is irrelevant.  (Doc. 59, p. 2).  Nationwide points to seven exhibits FS Southbrooke intends to proffer, which are: (1) Nationwide Arkansas Good Faith Claims Handling Standards; (2) Nationwide Best Claims Practices; (3) Nationwide Greta Michael Training History; (4) Appraisal Request Letter; (5) Appraisal Response Letter; (6) Nationwide Individual Rate Premium Modifications; and (7) Nationwide Commercial Property Estimating Guidelines[1] (collectively the "Nationwide Claims Handling and Training Documents").  FS Southbrooke argues that it sufficiently pled Nationwide's conduct such that a jury could infer Nationwide's *mens rea* and answer questions related to an Arkansas bad faith claim, and, therefore, the Nationwide Claims Handling and Training Documents are relevant.  FS Southbrooke further argues the Nationwide Claims Handling and Training Documents are admissible to impeach Nationwide's experts' methodology.

As the Court ruled in its previous opinion and order (Doc. 52), FS Southbrooke failed to allege an Arkansas bad faith claim.  The Court will not allow FS Southbrooke to present any evidence regarding bad faith, and FS Southbrooke's counsel are cautioned that any attempt to elicit testimony or proffer evidence regarding a bad faith claim is improper.  The only questions at issue in this case are whether the loss occurred during the policy period, whether the faulty workmanship exclusion applies, and the amount of any damages.  Therefore, the only relevant uses for the Nationwide Claims Handling and Training Documents are to impeach a witness's credibility or to attack an expert's methodology on these limited issues.  Any proffer of the Nationwide Claims Handling and Training Documents outside of this limited purpose will be denied.

Nationwide's Individual Rate Premium Modifications ("IRPM") are documents from

---

[1] The Court was not provided copies of all of these exhibits.

Nationwide's underwriting department which allow Nationwide to modify policy coverage based upon risk variances, such as pre-existing damage. Because Nationwide had the ability to provide policy coverage for pre-existing damage, FS Southbrooke argues these IRPM documents demonstrate Nationwide's failure to identify property conditions or risk variances and are admissible to rebut Nationwide's argument that damage is excluded under the Premier Businessowners Policy, policy number ACP BPHG 3008913159 (the "Policy"). Without the exhibits, the Court cannot adequately rule on Nationwide's objection to this exhibit. However, to the extent the IRPM merely shows Nationwide had the *ability* to modify the premiums charged and the coverage available, the Court will grant Nationwide's motion to exclude. FS Southbrooke's only claim is a breach of contract claim regarding the Policy. Any evidence of what Nationwide and FS Southbrooke could have contracted for is inadmissible as irrelevant and prejudicial pursuant to Fed. Rs. Civ. P. 402 & 403.

      b.    **Claims-Handling Guidelines and Manuals**

Nationwide's motion in limine also argues that the Court should prohibit FS Southbrooke from presenting evidence of Nationwide's claims-handling practices and guidelines. Specifically, Nationwide points to a PowerPoint made by FS Southbrooke which has slides discussing Nationwide's claims-handling practices and guidelines and the way Nationwide handled FS Southbrooke's claim. FS Southbrooke argues these portions of the PowerPoint are admissible because they show Nationwide was supposed to inform FS Southbrooke if the claim was denied because of pre-existing damage and the fact Nationwide did not inform FS Southbrooke of any denial because of pre-existing damage goes to the credibility of Nationwide's argument that the damage occurred prior to the policy period. Again, FS Southbrooke cannot use this evidence in regard to a bad faith claim, but FS Southbrooke may use it to attack a witness's credibility if the

evidence is tailored to the issues at hand.

### c. References to Other Insurance Policies

Nationwide argues any reference to a 2018 Nationwide renewal email and previous Nationwide insurance policies[2] should be excluded because any reference to insurance policies, other than the one at issue, is irrelevant and inadmissible pursuant to Fed. R. Evid. 401 & 402. FS Southbrooke again argues this evidence is admissible because it is for the limited purpose of attacking Nationwide's argument that damage pre-existed coverage. The Court agrees FS Southbrooke may use this evidence, but only for the limited purpose of addressing Nationwide's pre-existing damage argument.

### d. Unauthenticated Photographs

Finally, Nationwide argues FS Southbrooke intends to introduce four photographs titled "Ross Pre-Loss Photos," and these photographs should be excluded because FS Southbrooke has not demonstrated the photographs are "an accurate representation of the thing depicted as it appeared at the relevant time." *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 569 (8th Cir. 2009) (citation omitted); Fed. R. Evid. 901. FS Southbrooke is required to follow the Federal Rules of Evidence and a ruling on this issue would simply be an order to follow the rules. If FS Southbrooke fails to authenticate any photographs, Nationwide may object at the relevant time.

## III. FS Southbrooke's Motion in Limine

### a. Alleged Prejudice to Nationwide

FS Southbrooke argues any evidence that Nationwide was prejudiced because FS Southbrooke did not file a claim until months after the storm which it alleges caused the damage

---

[2] FS Southbrooke did not purchase the Apartments until 2018 and the applicable policy period is October 5, 2018 to October 5, 2019. Prior to FS Southbrooke's purchase, the Apartments were also insured by Nationwide.

4

should be excluded. Nationwide's response states it does not intend to argue any prejudice, but instead intends to use FS Southbrooke's delay in filing a claim to attack the credibility of the claim. The Court finds Nationwide can use the delay for this limited purpose, and because Nationwide agrees it will not make a prejudice argument, no ruling is necessary.

      **b.**      **Any Assertion that Property's Condition at Inception of Coverage Renders Coverage During the Policy Period Excluded**

FS Southbrooke also argues that Nationwide should be excluded from presenting any testimony that the Apartments' roof was completely damaged "such that no damage *during* the Policy period could be covered under the Policy's terms" because Nationwide chose to provide coverage for the roof, and it would be inconsistent for Nationwide to now argue the roof could not be insured. (Doc. 60, p. 4). Nationwide concedes that it will not argue the roofing system had no insurable value. Because Nationwide will not argue that the roofing system had no insurable value, no ruling is necessary.

      **c.**      **Any Assertion of Fraud**

FS Southbrooke requests the Court exclude any evidence that its claim is fraudulent because Nationwide did not plead such a defense. Nationwide again concedes that it does not intend to argue FS Southbrooke committed fraud, but instead argues that it should be permitted to present evidence that FS Southbrooke's damages are inflated because the claim includes damage that commenced before the policy period and damage that is the result of faulty workmanship. The Court finds Nationwide may attack the amount of the claim, but any evidence or argument of fraud is excluded.

      **d.**      **Purchase and Sales Agreement for the Apartments and Pre-Sale Emails**

FS Southbrooke argues any reference to the Purchase and Sales Agreement or pre-sale

emails by a member of FS Southbrooke for the Apartments should be excluded because the agreement is irrelevant as to whether Nationwide breached the contract. The Court disagrees. The Purchase and Sales Agreement contains reference to damage on the roof and is relevant to the question of whether the damage was pre-existing. Further, the emails indicate the seller was willing to file an insurance claim because of the need for roof repairs. Both the emails and the Purchase and Sales Agreement predate the Policy period and are relevant under Fed. R. Evid. 401.

      e.      **MCR Roofing and Construction Estimate**

Finally, FS Southbrooke argues any reference to the 2020 MCR Roofing and Construction Estimate should be excluded as hearsay under Fed. R. Evid. 802. However, FS Southbrooke offers no explanation as to why this estimate constitutes hearsay. Further, as Nationwide argues, this estimate is offered against FS Southbrooke and was made by people FS Southbrooke authorized to make a statement on roof repair cost, therefore, it is an opposing party's statement as defined in Fed. R. Evid. 801(d)(2)(C). Absent any argument from FS Southbrooke, the Court finds it is not hearsay.

**IV.**    **Deposition Designations**

FS Southbrooke and Nationwide have both filed objections to designations from Allen Powers's deposition. Mr. Powers is an independent adjuster hired by Nationwide to prepare an estimate on FS Southbrooke's claimed loss. FS Southbrooke objects to Nationwide's designations[3] because FS Southbrooke argues Nationwide is attempting to use Mr. Powers as an expert despite Nationwide's failure to timely disclose Mr. Powers as an expert. However, Nationwide clarifies for the Court that these designations are counter-designations, made only in response to FS Southbrooke's designations of Mr. Powers's deposition. In the event Nationwide

---

[3] (Doc. 64-2, pp. 56:13-19; 61:24-62:5; 65:15-20, 22-25, 66:1-4; 85:19-86:9).

attempts to proffer Mr. Powers as an expert, FS Southbrooke will have difficulty showing prejudice because FS Southbrooke has been aware of Mr. Powers since at least March 15, 2022, when FS Southbrooke's counsel deposed Mr. Powers. Therefore, FS Southbrooke's motion to strike these portions of Mr. Powers's deposition will be denied.

Nationwide objects to portions of FS Southbrooke's designation of Mr. Powers's deposition because any probative value of the testimony is outweighed by the danger of unfair prejudice. Specifically, Nationwide argues that the portions[4] of Mr. Powers's depositions that reference Nationwide's claims handling practices and guidelines should be excluded because FS Southbrooke's only remaining claim is for breach of contract. FS Southbrooke argues this testimony is admissible to show Powers's education, training, and experience in adjusting claims for Nationwide because FS Southbrooke believes Nationwide will use Powers's written estimate as an expert report,[5] and FS Southbrooke must be able to attack Mr. Powers's credibility. Because Nationwide has not, at this point, presented Mr. Powers as an expert, the Court cannot determine FS Southbrooke's need to challenge Mr. Powers's education, training, and experience. As the Court has stated repeatedly in this order, FS Southbrooke cannot present any evidence regarding a bad faith claim, and the motion to exclude those portions will be granted to the extent the testimony is used for such purposes. If Nationwide proffers Mr. Powers as an expert, or FS Southbrooke presents another compelling reason to the Court to use these deposition portions, FS Southbrooke may, out of the presence of the jury, move to admit this testimony.

Nationwide next argues separate portions[6] of Mr. Powers's deposition designations should

---

[4] (Doc. 64-2, pp. 17:13-20, 18:2-19:3; 19:20-20:3; 52:7-21; 81:7-82:13; 83:23-84:7; 85:1-4; 87:6-23; 88:8-21).

[5] The Court reminds counsel that it does not admit expert reports at trial.

[6] (Doc. 64-2, pp. 88:8-21; 89:13-90:5; 90:18-21; 91:17-92:7).

be excluded because the testimony addresses specific language in Mr. Powers's estimate that explain Mr. Powers's typical practices, including engaging in discussions with an insured's contractor in the event of a dispute, and that if an insured finds additional damage, they typically contact him.  FS Southbrooke argues this testimony is admissible because it is undisputed that Nationwide ignored FS Southbrooke's contractor's estimates, and the testimony shows Powers did not compare estimates as was his typical practice.  None of these designated deposition portions are relevant to the questions of when the damage commenced and if the faulty workmanship exclusion applies.  Again, if at trial, Nationwide attempts to proffer Mr. Powers as an expert, FS Southbrooke may, out of the presence of the jury, move to admit this testimony for impeachment purposes only after a showing that this testimony does not run afoul of the Federal Rules of Evidence.  The Court will allow FS Southbrooke to use these portions of Mr. Powers's deposition to attack Nationwide's wind damage estimates, and Nationwide will have the opportunity to object at trial.

V.      **Conclusion**

IT IS THEREFORE ORDERED that Nationwide's motion (Doc. 59) in limine is GRANTED IN PART and DENIED IN PART, as stated herein.

IT IS FURTHER ORDERED that FS Southbrooke's motion (Doc. 60) in limine is GRANTED IN PART and DENIED IN PART, as stated herein.

IT IS FURTHER ORDERED that FS Southbrooke's motion (Doc. 61) to strike Nationwide's deposition designations is DENIED.  Nationwide's objections to portions of FS Southbrooke's deposition designations are sustained as stated herein.

IT IS SO ORDERED this 10th day of May, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE